IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Benny Owens,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No.  CV-15-1097-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION AND ORDERS ADDRESSING PENDING MOTIONS** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Lawrence Benny Owens filed a Petition for Writ of Habeas Corpus challenging his convictions and sentences in Maricopa County Superior Court.  Petitioner alleges that "[t]he Maricopa County Superior Court lacked subject matter, in personam, and render a particular judgment jurisdiction [sic]" (Doc. 1) when the case, originally charged in Peoria Justice Court, was thereafter prosecuted in the Superior Court of Arizona in and for the County of Maricopa.  He contends that this violated his due process and equal protection rights under the Fourteenth Amendment to the United States Constitution.  Respondents contend that Petitioner's claim is time-barred, unexhausted, and without merit and should be dismissed with prejudice.  As set forth below, the Court agrees and will recommend that the Petition be dismissed with prejudice.

In 1998, Petitioner pled guilty to sexual contact with a child under the age of 15, and to two counts of attempted sexual contact with a child under the age of 15 (Doc. 13,

Exs. C, D, TT). He was sentenced to 20 years of incarceration and lifetime probation (Exs. H, I).

Sixteen years later, on September 19, 2014, Petitioner filed a petition for writ of habeas corpus at the Arizona Supreme Court (Ex. NN) which asserted a violation of the federal constitution because his case originally filed in Peoria Justice Court, Maricopa County, Arizona, was prosecuted in the Superior Court for that county. The Arizona Supreme Court denied this petition as well as Owens' request that the Supreme Court take original jurisdiction of his case (Exs. QQ and RR). Owens filed his Petition for Writ of Habeas Corpus in this Court on June 15, 2015 (Doc 1).

A prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of-right proceeding concludes. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief). As shown in the record before this Court, the state court docket reflects a number of Rule 32 post-conviction review proceedings, some of which may have tolled the one-year statute of limitations Congress has prescribed. However, there is no need to parse each of these proceedings because Owens' fifth and last one concluded when it was dismissed almost 13 years ago (Ex. JJ). Thus there have been no state court

matters which could have tolled the federal deadline for at least 12 times the one-year limitations period.

This Court can review Owens' untimely habeas petition if he can demonstrate that he is entitled to equitable tolling by showing both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). He has done neither and it seems exceedingly unlikely that he could. Moreover, Owens never properly presented his federal claim to the state court and thus this failure to exhaust his claim would doom it as well. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); Ex. RR.

Also pending on the docket are two motions filed by Petitioner. In his discovery motion, Petitioner seeks discovery regarding documents from the case originally filed in Peoria Justice Court as well as copies of the cases the State of Arizona cites in its Response to the Petition. The State kindly provided those cases to Petitioner in its Response to his motion for discovery and thus Petitioner has now had the opportunity to review the case authority declaring groundless his claim that the prosecution of his case in Superior Court instead of in Peoria Justice Court violated the Fourteenth Amendment. This is because a complaint about state court jurisdiction is a matter of state law and is not subject to federal habeas review. Although it was not critical to the Ninth Circuit's holding in *Hernandez v. Yist*, 930 F.2d 714 (9th Cir. 1991), the Court there explained "[w]e are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law." *Id*. at 719. It is important to add that this is not to say that Arizona state law was violated; it is enough to say that if the prosecution of Owens' case in Superior Court had been such a violation, any complaint about this would not state a claim subject to federal habeas review. Petitioner also sought discovery of the Peoria Justice Court records pertinent to his case. Given that his claim is time-barred and is without merit, there is no reason to grant this discovery request.

In the other pending motion, Petitioner seeks an extension of time to file his traverse. This Motion sought an extension until 30 days after the disclosure of the documents sought in Petitioner's discovery motion. The extension request will be denied as the traverse appears unnecessary to a fair consideration of this Petition. Given that Owens' Petition is time-barred and that Owens will have the opportunity to object to this Report and Recommendation and present any argument he wishes to assert in his objection (as explained below), Petitioner will have a full opportunity to be heard before the District Judge takes dispositive action. If the District Judge wishes to have the undersigned consider any such arguments in the first instance, such matters may of course be referred to the Magistrate Judge.

**IT IS ORDERED** denying Petitioner's Motion for Leave to Conduct Discovery (Doc. 15) and Motion for Enlargement of Time (Doc. 14).

**IT IS THEREFORE RECOMMENDED** that Lawrence Benny Owens's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1  Failure timely to file objections to any factual determinations of the Magistrate Judge will
2  be considered a waiver of a party's right to appellate review of the findings of fact in an
3  order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
4  72, Federal Rules of Civil Procedure.

5  Dated this 29th day of April, 2016.

_____
David K. Duncan
United States Magistrate Judge